# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 94 C 6683 | **DATE** | 3/12/2001 |
| **CASE TITLE** | Isaac Johnson vs. Roger D. Cowan, Warden | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the third time, the petition for habeas corpus is dismissed with prejudice. The Clerk is directed to substitute Roger D. Cowan, Warden of Menard Correctional Center, for Richard Gramley in the case caption.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAR 13 2001 | |
| | Notified counsel by telephone. | | date docketed | 89 |
| ✓ | Docketing to mail notices. | | C.S. | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MD | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 1 3 2001

United States ex rel. )
)
ISAAC JOHNSON, )
)
    Petitioner, ) No. 94 C 6683
)
v. )
) Judge Joan H. Lefkow
ROGER D. COWAN, Warden[1] )
)
    Respondent. )

## MEMORANDUM OPINION AND ORDER

This case has an unusually long history. District Judge (now Circuit Judge) Ann Claire Williams initially denied Isaac Johnson's petition for habeas corpus on July 20, 1995. *United States ex rel. Johnson v. Gramley*, No. 94 C 6683, 1995 WL 447763 ("*Johnson I*").[2] Johnson appealed, and on July 9, 1996, the Court of Appeals reversed and remanded for reconsideration in light of *Hogan v. McBride*, 74 F.3d 144 (7th Cir. 1996). On September 30, 1997, Judge Williams again denied the petition for habeas corpus, 1997 WL 619866 ("*Johnson II*"), and Johnson again appealed. On September 4, 1998, the Court of Appeals again reversed and remanded for reconsideration in light of *White v. Godinez*, 143 F.3d 1049 (7th Cir. 1998). On February 25, 1999, Judge Williams appointed counsel to represent the petitioner.

When Judge Williams was appointed to the Court of Appeals, this case was reassigned to Judge Charles R. Norgle on December 15, 1999. Judge Norgle granted petitioner leave to file an amended petition, but according to the parties' joint status report dated March 1, 2001, petitioner's counsel indicated at a status hearing on June 14, 2000, that an amended petition would not be filed. On September 5, 2000, this case was reassigned to the undersigned.

In the meantime, the opinion of the Court of Appeals in *White v. Godinez* had itself been vacated by the United States Supreme Court, *Godinez v. White*, 527 U.S. 1001 (1999), for further

---

[1] The clerk is directed to substitute Roger D. Cowan, Warden of Menard Correctional Center, for Richard Gramley. Warden Cowan, as petitioner's present custodian, is the proper respondent.

[2] As Judge Williams explained in her decision, this was actually Johnson's second petition. Because Judge Williams acknowledged that she had dismissed Johnson's first petition in the mistaken belief that he had not appealed the denial of his post-conviction petition, she treated the second petition as if it were the first.

consideration in light of *O'Sullivan v. Boerckel*, 526 U.S. 838. Accordingly, this court is asked to review its prior decision in light of a case that has itself been reversed. Since *White* was reversed on precisely the grounds underlying the remand, *Boerckel* has rendered the remand moot.

As set forth in *Johnson II*, Johnson was convicted in 1982 of unlawfully restraining and murdering a 15-year-old girl and was sentenced to concurrent terms of 80 years for murder and 6 years for unlawful restraint. On direct appeal of the conviction, Johnson argued that (1) the trial court erred in ordering him to remain present during jury selection, (2) the prosecutor made improper comments during closing argument, and (3) prosecutors failed to lay a proper foundation for the admission of tape recordings of telephone conversations between Johnson and the police. The Illinois Appellate Court rejected these arguments and affirmed Johnson's conviction. *People v. Johnson*, 122 Ill.App.3d 532, 78 Ill.Dec. 1, 461 N.E.2d 585 (1st Dist. 1984). Johnson did not seek leave to appeal to the Illinois Supreme Court.

On April 27, 1984, Johnson filed a *pro se* petition for post-conviction relief with the Circuit Court of Cook County arguing that (1) the police coerced his confession, (2) the police denied him access to counsel when they questioned him, (3) the police did not give him Miranda warnings before arresting him, and (4) his attorney divulged privilege information that might have hurt him at sentencing. After counsel was appointed to represent Johnson, he then filed a supplemental petition, arguing that his trial counsel was ineffective because he failed to move to suppress Johnson's alleged oral confession, and his appellate counsel was ineffective because he failed to argue that his trial counsel was ineffective. The trial court dismissed Johnson's petition on January 4, 1990. Johnson appealed on all grounds raised in the petition, and the Illinois Appellate Court affirmed the dismissal on May 26, 1992. On rehearing, the Illinois Appellate Court modified its May 26, 1992 ruling, but again affirmed the dismissal of Johnson's post-conviction petition. Johnson then filed a petition for leave to appeal to the Illinois Supreme Court. He raised only one issue--ineffective assistance of trial counsel. On December 2, 1992, the Illinois Supreme Court denied the petition for leave to appeal.

Meanwhile, on January 29, 1990, while Johnson's post-conviction petition appeal was pending, Johnson filed his first petition for habeas corpus relief before this court. Mistakenly believing that Johnson had not appealed the denial of his post-conviction petition, Judge Williams held Johnson had waived his right to raise these issues in federal court. *Johnson v. Roth*, No. 90 C 1646, 1991 WL 10955 (N.D.Ill. Jan. 25, 1991). Johnson subsequently filed another state court

post- conviction petition, in which he again raised the following issues: 1) that his confession was coerced, 2) that his trial counsel was ineffective, and 3) that his appellate counsel was ineffective. He also asserted that the counsel who represented him in his prior post-conviction petition was ineffective. The petition was dismissed on June 17, 1994, and Johnson's motion for leave to file a late notice of appeal was denied September 28, 1994.

On November 10, 1994, Johnson filed the present habeas corpus petition in this court. Johnson asserted the following grounds for habeas relief: (1) the police coerced his confession, (2) the police denied him access to counsel when they questioned him, (3) the police did not give him Miranda warnings before they arrested him, (4) he was denied the right to confront witnesses against him, (5) his trial counsel was ineffective, (6) his appellate counsel was ineffective, and (7) his post-conviction counsel was ineffective.

Judge Williams held in *Johnson I* that because Johnson had failed to seek leave to appeal the affirmance of his conviction to the Illinois Supreme Court, he had procedurally defaulted the issues raised on direct appeal. Likewise, because he had included only one claim in his petition for leave to appeal the denial of his post-conviction petition -- claim (5), ineffective assistance of trial counsel -- he had procedurally defaulted all but that single claim as well. Turning to the merits of this claim, Judge Williams reaffirmed the conclusion she had reached in rejecting Johnson's earlier petition, No. 90 C 1646: Johnson had failed to show that his attorney's performance fell below an objective standard of reasonableness, as required by *Strickland v. Washington*, 466 U.S. 668 (1984), and accordingly dismissed the petition.

Responding to the Court of Appeals' direction to reconsider in light of *Hogan v. McBride*, 74 F.3d 144 (7th Cir. 1996), Judge Williams explained in *Johnson II* that under *Hogan* the court was required to determine whether failure to present a claim to the Illinois State Court in a petition for leave to appeal would be considered a default under Illinois law. Only if Illinois courts would consider a claim defaulted could a federal court treat it as such for habeas purposes. Finding that under Illinois law a petitioner who fails to appeal the dismissal of a post-conviction petition forfeits review of all claims which could have been raised, and finding that Johnson had not shown cause and prejudice to excuse the default, Judge Williams reaffirmed the dismissal of Johnson's petition.

The Seventh Circuit again remanded for reconsideration in light of *White v. Godinez*, 143 F.3d 1049 (7th Cir. 1998), and it is now before this court. *White* built upon the Court of Appeals' earlier opinions in *Boerckel v. O'Sullivan*, 135 F.3d 1194 (7th Cir. 1998), and *Gomez v. Acevedo*,

3

106 F.3d 192 (7th Cir.1997), vacated on other grounds, 522 U.S. 801, holding that the failure to include a claim in the discretionary petition for leave to appeal to the Illinois Supreme Court does not constitute a default of that claim. *White* extended the rationale of *Boerckel* and *Gomez* from direct appeal to collateral review: in either case, failure to raise an issue in a petition for leave to appeal to the Illinois Supreme Court does not forfeit the issue for habeas review. *White*, 143 F.3d at 1053. The implication is clear enough; Judge Williams had been mistaken in finding that all but one of Johnson's claims had been defaulted.

However, *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999), flatly reversed the Court of Appeals' opinion in *Boerckel v. O'Sullivan*, holding that the failure to raise a claim in a petition for leave to appeal on direct review resulted in procedural default. The Court vacated *White* and remanded it for reconsideration in light of *Boerckel*. *Godinez v. White*, 527 U.S. 1001 (1999). The Court of Appeals, while acknowledging that *Boerckel* involved a criminal matter on direct appeal, found there is no "appreciable difference between direct appeals and post-conviction appeals in this regard," and concluded that claims not raised in a petition for leave to appeal the denial of a post-conviction petition were likewise defaulted. *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999), *cert. denied*, 120 S.Ct. 1004, 145 L.Ed.2d 833 (Jan 18, 2000) (*White II*).

Given this reversal in the governing law, this court has nothing to reconsider on remand. Judge Williams found all but one claim procedurally defaulted; under *White I* that was error, but under *White II* she ruled correctly. Nothing has been offered to challenge her conclusion that Johnson had not shown cause and prejudice excusing his failure to present these issues to the Illinois Supreme Court. Nor has the court been given any reason to revisit Judge Williams' conclusion with respect to the one claim that survived procedural default. These rulings are the law of the case and should not be overturned without good reason. Accordingly, for the third time the petition for habeas corpus is dismissed with prejudice.

IT IS SO ORDERED.

Joan H. Lefkow, Judge
United States District Court

DATED: March 12, 2001

4