# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 94 C 6683 | **DATE** | 3/19/2013 |
| **CASE TITLE** | Johnson vs. Cowan, et al. | | |

**DOCKET ENTRY TEXT**

Petitioner Isaac Johnson's "Motion Pursuant to Barefoot-v-Estelle" (#99) is denied for lack of jurisdiction as it is a second or successive request for habeas relief and Johnson has not received authorization from the Seventh Circuit to pursue it. The Clerk is directed to substitute Walter Nicholson for Richard Gramley in the case caption and to terminate Richard Gramley, Paul Barnett and Roger D. Cowan as respondents. See statement section of this order for details.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

On July 9, 2012, Johnson filed a 102-page *pro se* document entitled "Motion Pursuant to Barefoot-v-Estelle." The court will construe Johnson's filing broadly given his *pro se* status. For the purposes of this order, it will also assume familiarity with the complex procedural posture of Johnson's § 2254 proceedings, which is detailed in *United States ex rel. Johnson v. Cowan*, No. 94 C 6683, 2001 WL 345650 (N.D. Ill. Mar. 13, 2001) (Dkt. 89). In a nutshell, he previously appealed from the denial of habeas relief, obtained a remand, appealed from an adverse order upon remand, obtained a second remand, and then obtained another adverse order from this court in 2001. Johnson again appealed. On September 14, 2001, the Seventh Circuit ended his appeal by declining to issue a certificate of appealability.

In his motion, Johnson first takes issue with the denial of his § 2254 petition in 1997. He appears to be arguing that the 1997 order denying his petition for a writ of habeas corpus was wrong. Johnson also appears to be asserting that the appointed counsel who previously represented him in this case engaged in misconduct with counsel for the respondent that caused the district judge originally assigned to this case to rule against him. In addition, Johnson contends that appointed counsel provided constitutionally ineffective assistance.

To the extent that Johnson seeks to "attack[] the federal court's previous resolution of a claim on the merits" it is a second or successive petition. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). This court lacks jurisdiction to hear any such claim unless the Seventh Circuit grants permission for Johnson to pursue it. *See* 28 U.S.C. § 2244(b)(3). The Seventh Circuit has already denied a motion for leave to file a successive habeas petition based on substantially similar grounds, *Johnson v. Robert*, 431 F.3d 992, 993 (7th Cir. 2005), and Johnson has not directed the court's attention to an order authorizing him to proceed with a second or successive petition.

| STATEMENT |
|---|

Johnson may also be attempting to obtain relief based on additional grounds that were known to him long ago. As with the request to revisit the Court's prior ruling, this counts as a second or successive habeas petition. *Gonzalez v. Crosby*, 545 U.S. at 534. Thus, the court may not consider additional grounds for relief unless and until Johnson obtains permission to file another habeas petition from the Seventh Circuit.

In the interests of completeness as Johnson's filing is not a model of clarity, the court notes that Rule 60(b)(1) allows a party to seek relief from a final judgment based on mistake. Fed. R. Civ. P. 60(b)(1). Even if Johnson's filing were not an unauthorized second or successive habeas petition, it still would be unavailing as requests for relief under Rule 60(b)(1) must be made within a year after the judgment at issue was entered. Fed. R. Civ. P. 60(c)(1). Giving Johnson the benefit of the latest possible date – 2001, when the final request for habeas relief was denied – more than a decade has passed following the entry of a final judgment. Thus, any request for relief under Rule 60(b)(1) based on an alleged error would be untimely. Similarly, any contention that all or some of the many lawyers who have represented Johnson over the years provided constitutionally ineffective assistance would be untimely. *See Johnson v. Robert*, 431 F.3d at 993. Finally, there is no right to counsel on collateral review, so there can be no corresponding claim of ineffective assistance of counsel. *See Anderson v. Cowan*, 227 F.3d 893, 901 (7th Cir. 2000), *citing Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991).

Accordingly, Johnson's motion is denied for lack of jurisdiction. The court reminds Johnson that this case remains closed. The Court also notes that Illinois Department of Corrections records indicate that Johnson (#N22991) was recently transferred to the Illinois River Correctional Center. The Warden of that facility is Walter Nicholson. Thus, the Clerk is directed to substitute Walter Nicholson for Richard Gramley in the case caption. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts; *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004).